No. 13517

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

IN THE MATTER OF

THOMAS EDWARD STAPELKEMPER,
A Child Under Eighteen Years of Age.

---

Appeal from:   District Court of the Eighth Judicial District,
               Honorable R. J. Nelson, Judge presiding.

Counsel of Record:

  For Appellant:

  Howard F. Strause argued, Great Falls, Montana

  For Respondent:

   Michael Greely, Attorney General, Helena, Montana
   J. Mayo Ashley, Assistant Attorney General,
    argued, Helena, Montana
   J. Fred Bourdeau, County Attorney, appeared,
    Great Falls, Montana

---

       Submitted:  January 14, 1977

       Decided: MAR 16 1977

Filed: MAR 16 1977

*Thomas J. Kearney*
         Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from a judgment of the youth court of Cascade County, granting the petition to transfer appellant's cause to adult criminal court.

On June 24, 1976, a petition was filed in the youth court of Cascade County alleging appellant was under the age of 18 years and a delinquent child in that he committed acts in violation of section 94-4-103, R.C.M. 1947, attempted deliberate homicide, and section 94-5-202 (1)(d), R.C.M. 1947, aggravated assault.

On June 29, 1976, the county attorney filed a petition to transfer the prosecution of appellant to adult criminal court pursuant to section 10-1229, R.C.M. 1947. Prior to a hearing on the petition to transfer, the youth court ordered, and appellant underwent, psychiatric evaluation at the Northcentral Montana Community Mental Health Center. A hearing on the matter of transfer was held on July 16 and 20, 1976. On July 26, 1976, the youth court judge concluded the youth court should waive jurisdiction and transferred the cause to the district court in accordance with the petition of the county attorney. This appeal is taken from that order.

Appellant alleges three errors in support of his claim the transfer was invalid:

1. Appellant was denied his constitutional right to present the defense of mental disease or defect excluding responsibility.

2. It was an abuse of discretion for the youth court judge to transfer the matter of prosecution to the district court.

3. Section 10-1229, R.C.M. 1947, does not authorize a youth court judge to transfer to the district court the prosecution of a youth charged with the act of attempt, as set forth in section 94-4-103, R.C.M. 1947.

First, appellant contends the youth court erred when it denied him the right to assert the defense of mental disease or defect excluding responsibility at the transfer hearing. Appellant argues a careful reading of Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L ed 2d 84 and In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L ed 2d 527, leads to the conclusion that the concept of due process and fair treatment mandates allowing juveniles the right to enter the defense of insanity. It is further argued the California case of In re M.G.S., a minor, 72 Cal.Rptr. 808, 267 C.A.2d 329 and the Wisconsin case of In re Winburn v. Wisconsin, 32 Wisc.2d 152, 145 N.W.2d 178, stand for the proposition that the deprivation of a juvenile's right to present the defense of legal insanity in juvenile court proceedings violates the constitutional guarantee of due process of law.

In Kent the U.S. Supreme Court addressed the matter of jurisdiction waiver procedure and held that a juvenile court could not waive jurisdiction over the juvenile, thus denying the juvenile his statutory right to the exclusive jurisdiction of the juvenile court, without a "full investigation" of all available information deemed relevant, i.e., the waiver hearing must measure up to the essentials of due process and fair treatment. The Gault, Winburn and M.G.S. decisions, on the other hand, pertain to the assertion of the insantity defense at the adjudicatory stage of the juvenile process, where commitment to a state institution may follow.

This Court is in agreement with the above courts and their attempts to insure the juvenile's constitutional right to assert the defense of legal insanity at the adjudicatory stage in youth court proceedings. Yet, we note a critical distinction between the juvenile court proceedings in the above noted cases and the transfer hearing in the instant case. Specifically, the transfer hearing is not an adjudicatory state in the juvenile process. The transfer hearing is a pre-adjudicatory proceeding conducted for the purpose of determining whether the juvenile is to be treated as a juvenile or as an adult. Once this determination is resolved, the defense of mental disease or defect excluding responsibility may be asserted at the adjudicatory stage in either the youth court or the district court. Appellant was not denied his constitutional right to assert the insanity defense when the youth court judge failed to allow entry of the plea at the transfer hearing.

Second, appellant contends the youth court's transfer of the prosecution to the district court was an abuse of discretion. Section 10-1229, R.C.M. 1947, sets forth the criteria to be used by the youth court judge in considering a transfer:

> "Transfer to criminal court. (1) After a petition has been filed alleging delinquency the court may, upon motion of the county attorney, before hearing the petition on its merits, transfer the matter of prosecution to the district court if:
>
> "* * *
>
> "(d) the court finds upon the hearing of all relevant evidence that there are reasonable grounds to believe that:
>
> "(i) the youth committed the delinquent act alleged; and
> "(ii) the seriousness of the offense and the protection of the community requires treatment of the youth beyond that afforded by juvenile facilities; and

- 4 -

"(iii) the alleged offense was committed in an aggressive, violent, or premeditated manner.

"(2) In transferring the matter of prosecution to the district court the court shall also consider the following factors:

"(a) the sophistication and maturity of the youth, determined by consideration of his home, environmental situation, and emotional attitude and pattern of living;

"(b) the record and previous history of the youth, including previous contacts with the youth court, law enforcement agencies, youth courts in other jurisdictions, prior periods of probation and prior commitments to juvenile institutions;

"(c) the prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the youth by the use of procedures, services and facilities currently available to the youth court."

Appellant contends the requirements of subsection (1)(d)(i) and subsection (1)(d)(ii) were not satisfied since the state failed to show (1) that appellant acted purposely or knowingly, i.e., with the intent to commit an illegal or delinquent act, and (2) the seriousness of the offense and the protection of the community required that appellant receive treatment other than that afforded by juvenile facilities. It is further argued the youth court failed to consider the provisions set forth in subsection (2)(a) and (c). We do not agree.

The record of the transfer hearing shows that six witnesses presented testimony: (1) a psychiatric social worker employed by Northcentral Montana Community Mental Health Center, who took part in appellant's psychological examination; (2) the police officer who initially investigated the offenses for which appellant is charged; (3) an aftercare counselor with the department of institutions who had personal knowledge of appellant's juvenile history; (4) a youth probation officer who had personal knowledge of appellant's police and school records; (5) the super-

intendent of Pine Hills School for Boys, a Montana youth correction institution; and, (6) the assistant superintendent of the Swan River Youth Camp, a forestry youth camp for young offenders.

Based upon the testimony elicited from these witnesses the youth court judge found that appellant had an extensive record of delinquent activities; that he had undergone rehabilitation programs; that there was reasonable grounds to believe appellant committed the offenses charged in an aggressive and violent manner; that appellant was not suffering from a disease or defect of the mind which would preclude criminal responsibility for his conduct; that reasonable grounds existed to believe appellant premeditatedly committed the acts charged against him; that the psychiatric evaluation showed appellant not to be psychotic, but to possess a progressive personality or character disorder of such severity that appellant is virtually without social conscience; that appellant is immature, impulsive, aggressive and dangerous; that Pine Hills School for Boys is inadequate for the purpose of receiving or treating appellant; that the record and prior history of appellant, his emotional attitude and pattern of living, his sophistication, social immaturity and public protection, require handling and treatment other than can be provided by the youth court.

We conclude from the record of the transfer proceedings that the youth court did not abuse its discretion in transferring the matter of prosecution pursuant to section 10-1229, R.C.M. 1947. The youth court sufficiently determined, after a proper examination of relevant criteria that it would be in the best interests of the public and the juvenile, for the youth court to waive jurisdiction and transfer the matter of prosecution to

- 6 -

the district court.  See: Mikulovsky v. State, 54 Wisc.2d 699,

196 N.W.2d 748; In re Stevenson, _____Mont._____, 538 P.2d 5, 32

St.Rep. 626.

Third, appellant contends the youth court erred when it

ordered the transfer of the attempt charge.  Section 10-1229,

R.C.M. 1947, sets forth with particularity those matters of

prosecution which may be transferred to the district court.

"(a) * * * the unlawful act is one or more of the
following:

"(i) criminal homicide as defined in section 94-5-101,
R.C.M. 1947;

"(ii) arson as defined in section 94-6-104, R.C.M. 1947;

"(iii) aggravated assault as defined in section 94-5-
202, R.C.M. 1947;

"(iv)  robbery as defined in section 94-5-401, R.C.M.
1947;

"(v)  burglary or aggravated burglary as defined in
section 94-6-204, R.C.M. 1947;

"(vi)  sexual intercourse without consent as defined
in section 94-5-503, R.C.M. 1947;

"(vii) aggravated kidnapping as defined in section
94-5-303, R.C.M. 1947;

"(viii) possession of explosives as defined in section
94-6-105, R.C.M. 1947;

"(ix)  criminal sale of dangerous drugs for profit as
included in section 54-132, R.C.M. 1947."

The statute is clear and unambiguous.  This Court fails

to find any language in section 10-1229, R.C.M. 1947, which

would provide for the transfer of the charge of attempted

deliberate homicide.  The youth court erred when it ordered the

transfer of the attempt charge and such portion of the order is

stricken.

The judgment of the youth court is affirmed in part and reversed in part, in accordance with this opinion.

_Gene B Daly_
_____
Justice

We Concur:

_Frank I. Haswell_

_John Conway Harrison_

_Daniel J. Shea_
_____
Justices

_Gordon R. Bennett_
Hon. Gordon Bennett, District Judge, sitting for Chief Justice Paul G. Hatfield.

- 8 -