## Order

**VIRGINIA:**

In the Court of Appeals of Virginia on Tuesday the 19th day of October 1993.

Michelle Anderson, Appellant,

against

Commonwealth of Virginia, Appellee.

### No. 0116-91-3

Before Chief Judge Moon, Judges Baker, Barrow, Benton, Coleman, Willis, Elder, Bray and Fitzpatrick.

COUNSEL

Mark T. Williams (Williams, Stilwell, Morrison and Grimes, on brief), for appellant.

Janet F. Rosser, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

## UPON A REHEARING EN BANC

OPINION

A panel of this Court reversed the conviction of Michelle Anderson and remanded the case for further proceedings. *See Anderson v. Commonwealth*, 15 Va. App. 226, 421 S.E.2d 900 (1992). The Court stayed the mandate of that decision and granted a rehearing en banc. *Id.* at 231, 421 S.E.2d at 903. Upon rehearing en banc, we reverse the judgment of the trial court for the reasons stated in the opinion of the panel of this Court, 15 Va. App. 226, 421 S.E.2d 900, lift the stay of this Court's October 6, 1992 mandate, and remand the case to the trial court for proceedings consistent with that opinion.

Fitzpatrick, J., with whom Willis, J., Elder, J., and Bray, J., join, concurring.

I concur with the decision reached in this case. However, I do not agree that the Commonwealth is prevented from suggesting to the

court an expert to provide an independent evaluation pursuant to Code § 16.1-269(A)(3)(c). The issue is whether the trial judge makes a sufficient finding of independence prior to appointment to fulfill his or her obligation to appoint an "independent psychiatrist" to perform the evaluation. The record in this case shows no basis for the appointment of Dr. Centor other than the Commonwealth's suggestion. Appellant concedes that she has no right to psychological assistance of her own choosing, and such a requirement should not be read into this opinion.

Coleman, J., with whom Moon, C.J., and Baker, J., join, dissenting.

The majority reverses Michelle Anderson's malicious wounding conviction on the ground that the trial judge abused his discretion by refusing to grant Anderson's motion "to be evaluated by a mental health expert not chosen by the prosecution."

I disagree with the majority's conclusion that the prosecution "chose" Dr. Arthur Centor to examine and evaluate Michelle Anderson. The judge of the juvenile and domestic relations district court chose and appointed Dr. Centor. The fact that the Commonwealth's attorney made the motion to appoint Dr. Centor does not *ipse dixit* require a finding that the judge failed to exercise independent discretion.

More importantly, I find nothing to suggest, nor does Michelle Anderson assert, that Dr. Centor was not an independent or unbiased clinical psychologist.

When Michelle Anderson made her motion for the circuit judge to "grant her funds to have psychiatric and psychological experts of her own choosing," she made no assertion that Dr. Centor was partial, biased, incompetent, or otherwise unqualified to serve as an independent expert to assist the court in its inquiries concerning the issue of transfer for trial as an adult. Anderson's motion in the circuit court was heard after Dr. Centor had tested, examined, and evaluated Michelle Anderson. Absent some suggestion by Anderson that Dr. Centor was not independent or not qualified, I find no basis to conclude that the trial judge abused his discretion and committed reversible error by denying Anderson's motion for "funds to have . . . experts of her own choosing." Accordingly, I would uphold the trial judge's ruling and would affirm the conviction.

Generally, an indigent defendant who is entitled to the assistance of a psychiatric or psychological expert because mental function or ca-

pacity might be a significant issue in the proceedings, is not entitled to an expert of his or her own choosing, nor is he or she entitled to receive funds to employ one of choice. *Ake v. Oklahoma,* 470 U.S. 68, 83 (1985); *Tuggle v. Commonwealth,* 230 Va. 99, 107, 334 S.E.2d 838, 843 (1985), *cert. denied,* 478 U.S. 1010 (1986); *Pruett v. Commonwealth,* 232 Va. 266, 276, 351 S.E.2d 1, 7 (1986), *cert. denied,* 482 U.S. 931 (1987).

Although the trial judge appointed Dr. Centor to "evaluate the defendant's sanity at the time of the offense, and, where appropriate, to assist in the development of an insanity defense," the judge also ordered Dr. Centor to evaluate Anderson to determine her "degree, if any, [of] mental retardation." The trial judge did so in order to assist him in the required determination under Code § 16.1-269(A)(3)(c). That Code section provides, as a precondition to a transfer to circuit court, that "[t]he child is not mentally retarded or criminally insane." Because the judge was required by Code § 16.1-269 to determine these facts in order to decide the transfer question, the court necessarily required the assistance of an expert to assist him in deciding that question. Furthermore, Anderson was constitutionally entitled to the appointment of one independent expert in order for her to address the mental capacity questions and insanity defenses. *See Ake,* 470 U.S. at 83. The trial judge appointed Dr. Arthur Centor for those purposes. *See Hogan v. Commonwealth,* 5 Va. App. 36, 42, 360 S.E.2d 371, 374-75 (1987) ("the obligation of the State is limited to provision of one competent psychiatrist").

Although the preferable practice may well be for a trial judge to avoid appointing an expert suggested by either party, the fact that a judge chooses an expert suggested by a party does not, standing alone, render the expert biased. While the majority does not base its holding on a finding the Dr. Centor was biased or incompetent, in the absence of some evidence to that effect, I find no basis to conclude that the trial judge abused his discretion by refusing to appoint a second expert witness. In my opinion, the majority ignores the holdings in *Tuggle, Pruett,* and *Hogan* that an indigent defendant who is entitled to the appointment of one expert is not entitled to an expert of his own choosing. It does so by finding an exception to the rule in cases where the "independent" expert was "chosen" by the Commonwealth. The holding that Anderson is entitled to the appointment of a "mental health expert not chosen by the prosecution" is not supported by the

facts and is contrary to *Tuggle, Pruett,* and *Hogan. See also Funk v. Commonwealth,* 8 Va. App. 91, 96, 379 S.E.2d 371, 373-74 (1989). I would uphold the trial judge's denial of Anderson's motion and would affirm the convictions.