COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Willis and Senior Judge Cole
Argued at Richmond, Virginia

CHRISTOPHER LYANCE CHATMAN

                                  OPINION BY

v.    Record No. 0980-98-2       JUDGE MARVIN F. COLE

                             SEPTEMBER 14, 1999

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF GREENSVILLE COUNTY
James A. Luke, Judge

C. Gilbert Hudson, Jr. (Law Offices of C.
Gilbert Hudson, Jr., on brief), for
appellant.

John H. McLees, Jr., Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Christopher Lyance Chatman (appellant), a juvenile, was charged with delinquency by a petition alleging that he had committed malicious wounding.  A juvenile and domestic relations district court (JDR) judge found appellant guilty of the delinquency charge of unlawful wounding.  Appellant appealed to the circuit court.  In a bench trial, the circuit court found appellant guilty of the delinquency charge of unlawful wounding and committed appellant to the Department of Juvenile Justice.[1]

On appeal, appellant argues that he was entitled to assert a defense of insanity in the circuit court adjudication of delinquency.  He contends the circuit court prevented him from

---

[1] The circuit court's order refers to the Department of Juvenile Justice by its former name, the Department of Youth and Family Services.

presenting this defense by denying his motion for a psychiatric
evaluation at state expense.  Finding that the trial court
erred, we reverse appellant's adjudication of delinquency and
remand for further proceedings consistent with this opinion.

<u>FACTS AND PROCEEDINGS</u>

Appellant and Lamont Waller were students in a public
school special education program in Greensville County.  Both
appellant and Waller were transported to their homes after
school in the same school station wagon.

On January 22, 1997, appellant and Waller exchanged angry
words at school.  After school, both appellant and Waller rode
home in the school station wagon.  The vehicle stopped at
appellant's home.  Appellant got out of the vehicle.  Although
he had been warned not to do so, Waller got out of the station
wagon to fight appellant.  Appellant pulled out a knife and cut
Waller in the shoulder.  The two exchanged more blows with their
fists.  Eventually, Waller got back into the station wagon,
which left the scene.  Waller later received medical treatment
for his injury.  Appellant was thirteen years old at the time of
the incident.[2]

In his appeal to the circuit court of the JDR court finding
of delinquency, appellant filed a motion for a psychiatric

---

[2] Because appellant was not fourteen years of age or older
at the time of the offense, he could not have been tried as an
adult in circuit court.  <u>See</u> Code § 16.1-269.1.

evaluation to determine his sanity at the time of the offense. In his brief in support of his motion, appellant asserted that, on the day of the offense, Dr. C.R. Amara found appellant to have homicidal ideations requiring inpatient psychiatric treatment. Appellant was diagnosed with a schizophrenic disorder two days after the incident involving Waller. The evaluator also concluded that appellant exhibited inappropriately aggressive and violent behavior which appeared to be a function of serious psychiatric difficulties.[3] The circuit court denied appellant's motion, citing the opportunities for mental health treatment provided under Virginia law in the event appellant was found to be delinquent.

ANALYSIS

The Juvenile and Domestic Relations District Court Law, contained in Chapter 11 of Title 16.1 of the Code of Virginia, governs the procedure through which a juvenile is held accountable for his or her actions that would be criminal if committed by an adult. See Code § 16.1-226. Pursuant to these statutes, a juvenile who is less than fourteen years of age may appeal to the circuit court a JDR court finding of delinquency. See Code § 16.1-296(C). A jury trial may then occur upon motion of the juvenile, the prosecutor, or the circuit court judge. See id. When the circuit court renders its final judgment in

---

[3] Other than appellant's own assertions, the record does not contain the findings of appellant's mental health evaluators.

the appeal, a copy of the judgment is filed with the JDR court and becomes the judgment of the JDR court.  See Code § 16.1-297.

The Juvenile and Domestic Relations District Court Law does not expressly provide for or prohibit an insanity defense at either an adjudicatory hearing in the JDR court or in an appeal to the circuit court upon a finding of delinquency.  The Commonwealth contends that because the statutes pertaining to juvenile delinquency make no reference to an insanity defense, the insanity defense is unavailable to juveniles under the age of fourteen.[4]

The defense of insanity as found in M'Naghten's Case, 10 Cl. and F. 200, 8 Eng. Rep. 718 (H. L. 1843), had been recognized as the law in Virginia since 1871.  See Price v. Commonwealth, 228 Va. 452, 459, 323 S.E.2d 106, 108 (1984); Bennett v. Commonwealth, 29 Va. App. 261, 277, 511 S.E.2d 439, 446-47 (1999).  To establish an insanity defense in Virginia, the accused must show that "he did not know the difference between right and wrong or that he did not understand the nature and consequences of his acts."  Price, 228 Va. at 456, 323 S.E.2d at 108.  "The defendant must prove to the satisfaction of the [trier of fact] that he was insane at the time of the offense.  He has the burden of affirmatively raising the issue

---

[4] The question of whether juveniles fourteen years of age or older are entitled to assert an insanity defense is not before us, and we do not consider it.

–

of insanity and proving his mental disease or defect by a preponderance of the evidence."  McCulloch v. Commonwealth, 29 Va. App. 769, 775, 514 S.E.2d 797, 800 (1999).

Virginia statutes provide the mechanism for a criminal defendant to raise and prove an insanity defense.  Code § 19.2-168 states that "in any case in which a person charged with a crime intends (i) to put in issue his sanity at the time of the crime charged and (ii) to present testimony of an expert to support his claim on this issue at trial," he or she must provide written notice to the Commonwealth.  Pursuant to Code § 19.2-169.5, where the court finds "probable cause to believe that the defendant's sanity will be a significant factor in his defense" and the defendant is indigent, the court must appoint one or more mental health experts to evaluate the defendant's sanity at the time of the offense and render assistance at the defendant's trial.  It is well settled that

> [i]ndigent defendants are entitled to the appointment of a psychiatrist to assist in their defense, but this right is not absolute.  See Ake v. Oklahoma, 470 U.S. 68, 77 (1985).  The defendant must demonstrate "that his sanity at the time of the offense is to be a significant factor at trial . . . ."  Id. at 83.  A request unaccompanied by a showing of reasonableness is properly denied. . . .
>
> *       *       *       *       *       *       *
>
> . . . Determining whether the defendant has made an adequate showing is a decision that lies within the trial court's discretion.

McCulloch, 29 Va. App. at 773-74, 514 S.E.2d at 799. A defendant found not guilty by reason of insanity is acquitted of the charged offense but is subject to the disposition defined by Virginia statutes. See Code §§ 19.2-182.2 to 19.2-182.16. See also Williams v. Commonwealth, 18 Va. App. 384, 389, 444 S.E.2d 16, 18 (1994) (noting that "under Virginia law an insanity acquittee has not been convicted of a criminal offense"); Harris v. Ballone, 681 F.2d 225, 226 (4th Cir. 1982) (describing commitment procedure applicable to insanity acquittees under prior Virginia law).

Courts charged with the duty of adjudicating juveniles "are to provide measures of guidance and rehabilitation for the child and protection for society, not to fix criminal responsibility, guilt and punishment. The State is parens patriae rather than prosecuting attorney and judge." Kent v. United States, 383 U.S. 541, 555-56 (1966).

Despite this noble objective, an adjudication of delinquency has wide and serious ramifications. For instance, an adjudication of delinquency may be considered in the preparation of the accused's future adult sentencing guideline reports. See Code § 17-237(B). Furthermore,

> [i]rrespective of what we call the juvenile procedure, and no matter how benign and well intended the judge who administers the system, the juvenile procedures, to some degree at least, smack of "crime and punishment." . . . Despite all

> protestations to the contrary, the
> adjudication of delinquency carries with it
> a social stigma.

Winburn v. State, 145 N.W.2d 178, 182-83 (Wis. 1966). The

Supreme Court of Virginia has recognized that an adjudication of

delinquency

> is a serious reflection upon [a juvenile's]
> . . . character and habits. The stain
> against him is not removed merely because
> the statute says no judgment in this
> particular proceeding shall be deemed a
> conviction for crime or so considered. The
> stigma of conviction will reflect upon him
> for life. It hurts his self-respect. It
> may, at some inopportune, unfortunate
> moment, rear its ugly head to destroy his
> opportunity for advancement, and blast his
> ambition to build up a character and
> reputation entitling him to the esteem and
> respect of his fellow man.

Jones v. Commonwealth, 185 Va. 335, 341-43, 38 S.E.2d 444, 447

(1946).

In In re Gault, 387 U.S. 1, 10 (1967), the United States

Supreme Court examined the aspects of due process applicable to

"proceedings by which a determination is made as to whether a

juvenile is a 'delinquent' as a result of alleged misconduct on

his part, with the consequence that he may be committed to a

state institution." The Court found that such proceedings "must

measure up to the essentials of due process and fair treatment"

as required by the Due Process Clause of the Fourteenth

Amendment. Id. at 46-47. The Court concluded that, as elements

of constitutional due process, a juvenile at an adjudicatory

delinquency hearing is entitled to proper notice of the charges against him, the appointment of counsel, and the opportunity to confront the evidence against him.  See id. at 52, 70, and 99. See also In re Winship, 397 U.S. 358, 368 (1970) (holding that proof beyond a reasonable doubt is among the "essentials of due process and fair treatment" required during the adjudicatory stage of a juvenile proceeding).

A number of states have found the right to assert an insanity defense to be an essential of "due process and fair treatment" that must be provided to a juvenile at the adjudicatory stage of the proceeding.  See, e.g., In re M.G.S., 72 Cal. Rptr. 808, 811 (Cal. Ct. App. 1968); State v. Causey, 363 So. 2d 472, 473-74 (La. 1978); Matter of Two Minor Children, 592 P.2d 166, 169 (Nev. 1979); Winburn, 145 N.W.2d at 184; see also Matter of Stapelkemper, 562 P.2d 815, 816 (Mont. 1977) (agreeing that due process includes allowing juveniles the right to assert insanity defense at adjudication of delinquency, but not in a pre-adjudicatory transfer proceeding).  But cf., K.M. v. State, 983 S.W.2d 93 (Ark. 1998) (concluding that because the juvenile code did not expressly provide for an insanity defense, a juvenile could not assert such defense at a delinquency adjudication).  Moreover, where the Commonwealth was seeking transfer of a juvenile for trial as an adult in circuit court and the circuit court had appointed a particular mental health expert to examine the juvenile at the suggestion of the

prosecutor, we have found that the juvenile was entitled to the appointment of a mental health expert of the juvenile's own choosing.  See Anderson v. Commonwealth, 15 Va. App. 226, 231, 421 S.E.2d 900, 903 (1992), aff'd on reh'g en banc, 17 Va. App. 192, 436 S.E.2d 625 (1993).

We find no reasonable basis for concluding that an insanity defense is unavailable to a juvenile at a proceeding to adjudicate him or her delinquent as it would be to an adult defendant in a criminal trial.  We agree that the right to assert an insanity defense is an essential of "due process and fair treatment" which is required at a juvenile delinquency adjudication.

Therefore, we reverse the judgment of the circuit court and remand the matter for a determination of whether, pursuant to Code § 19.2-169.5, appellant is entitled to a mental health evaluation at state expense, and for further proceedings if the Commonwealth be so advised.[5]

Reversed and remanded.

---

[5] Any rulings concerning appellant's disposition in the event he is found not guilty by reason of insanity would be purely advisory.  See Commonwealth v. Harley, 256 Va. 216, 220, 504 S.E.2d 852, 854 (1998).  We note, however, that Code § 16.1-278.11 provides:  "In cases involving a person who is adjudged mentally ill . . . disposition shall be in accordance with the provisions of Chapters 1 (§ 37.1-1 et seq.) and 2 (§ 37.1-63 et seq.) of Title 37.1."  Moreover, "[a] child shall not be committed pursuant to §§ 16.1-278.2 through 16.1-278.8 or the provisions of Title 37.1 to a maximum security unit within any state mental hospital where adults determined to be criminally insane reside."