JUSTICE KOONTZ,
dissenting.
Today a majority of this Court permits Christopher Lyance Chat-man, a 13-year-old juvenile who well may not have known the difference between right and wrong or not have understood the nature and consequences of his act, to be adjudicated a delinquent upon a finding that he committed the crime of unlawful wounding in violation of Code § 18.2-51, and then to be committed to the Department of Juvenile Justice for an indeterminate period of time pursuant to Code §§ 16.1-278.8 and 16.1-285. The majority permits this child to be adjudicated and committed by the trial court because it concludes that a 13-year-old child does not have a right to assert an insanity defense at the adjudicatory phase of a juvenile delinquency proceeding under either the Due Process Clause of the Fourteenth Amendment or the statutes of this Commonwealth.0[1] The majority permits this child to be so treated even though it acknowledges that this Court has recognized the defense of insanity for adults, under the so-called M’Naghten Rule, since 1871. See Boswell v. Commonwealth, 61 Va. (20 Gratt.) 860, 874-76 (1871).
The citizens of this Commonwealth and, indeed, the General Assembly may be rightfully troubled and surprised to learn that over the ensuing 129 years since 1871, according to the majority, this well-established common law right of adults has not been extended to 13-year-old juveniles charged with acts that would be crimes if committed by adults. For my part, I cannot join in such a conclusion and, accordingly, I respectfully dissent.
The Court of Appeals properly noted that the “Juvenile and Domestic Relations District Court Law [contained in Chapter 11 of Title 16.1 of the Code of Virginia] does not expressly provide for or *574 prohibit an insanity defense at either an adjudicatory hearing in [juvenile] court or in an appeal to the circuit court upon a finding of delinquency.” Chatman v. Commonwealth, 30 Va. App. 593, 597, 518 S.E.2d 847, 849 (1999). After referencing the various statutes that provide the mechanism for a criminal defendant to raise and prove an insanity defense contained in Chapter 11 of Title 19.2, the Court of Appeals found “no reasonable basis for concluding that an insanity defense is unavailable to a juvenile at a proceeding to adjudicate him or her delinquent as it would be to an adult defendant in a criminal trial.” Id. at 601, 518 S.E.2d at 851. The Court further concluded that “the right to assert an insanity defense is an essential of ‘due process and fair treatment’ which is required at a juvenile delinquency adjudication.” Id. The Court expressly noted that because Chatman was not yet 14 years of age at the time the charged offense was committed, he could not have been tried as an adult in the circuit court. See Code § 16.1-269.1. Finally, the Court also noted that it expressed no opinion regarding Chatman’s disposition in the event he were to be found not guilty by reason of insanity.
Upon appeal to this Court, the majority carefully limits its holding to apply only to a juvenile under age 14. Undoubtedly this is so because under the pertinent statutory scheme age 14 is the critical age in determining whether a juvenile may be tried as an adult and under certain circumstances sentenced to incarceration as an adult. See Code §§ 16.1-269.1 and 16.1-272. The apparent significance of making this careful distinction in the majority’s analysis between age 13 and age 14 is that presumably there would be no question that when a juvenile 14 years old or older is tried as an adult, such a juvenile would have the same right as an adult to assert a defense of insanity to the charged offense.
The majority, relying upon Code § 16.1-280, concludes that “the General Assembly elected to make a juvenile’s mental illness or insanity a factor to be considered during the [dispositional phase and] after the juvenile had been adjudicated delinquent.” This statute, however, specifically addresses a case where the juvenile court “reasonably believes” that a juvenile “is mentally ill or mentally retarded.” (Emphasis added). Clearly this statute addresses the court’s dispositional options with regard to a juvenile’s mental condition at the time of the proceeding', the insanity defense, in sharp contrast, addresses the juvenile’s mental condition at the time the charged offense was committed. Thus, under the majority’s analysis, where a 13-year-old juvenile is proven to be insane at the time he or *575 she committed the charged offense, but not mentally ill at the time of the adjudicatory hearing regarding that offense, that juvenile may nevertheless be adjudicated a delinquent. Surely there can be no such offense as being delinquent by reason of being insane.
The United States Supreme Court’s statement that “while the Due Process Clause affords an incompetent defendant the right not to be tried . . ., we have not said that the Constitution requires the States to recognize the insanity defense,” Medina v. California, 505 U.S. 437, 449 (1992), is not dispositive of the issue whether a 13-year-old juvenile has the right to assert that defense in this Commonwealth. Under well-established principles, that holding does not prevent this Commonwealth from extending the right to assert the insanity defense both to adults and to all juveniles as a matter of state law. And in doing so, the Commonwealth is free, for purposes of state law, to find that “fundamental fairness” requires that both adults and juveniles be permitted to assert this defense. In my view, the General Assembly, relying upon this Court’s long recognition of the insanity defense without express limitation to the age of the accused, also has not limited or restricted this defense to cases involving adults charged with criminal acts.
The pertinent statutes contained in Chapter 11 of Title 19.2 provide the mechanism for a criminal defendant to raise and prove an insanity defense. The right to assert that defense, however, arises from this Court’s recognition of that right as a matter of the common law of this Commonwealth unless otherwise limited or restricted by statute. Code § 19.2-168 implicitly acknowledges the right for a juvenile to assert the insanity defense in the adjudicatory phase of the juvenile court proceeding. The statute provides, in pertinent part, that “[i]n any case in which a person charged with a crime intends ... to put in issue his insanity at the time of the crime charged ... he, or his counsel, shall give notice in writing to the attorney for the Commonwealth . . . .” (Emphasis added).[2] The broad language in this *576 statute does not limit its application to proceedings involving adult defendants. A juvenile, even one 13-years-old, is “a person.” That conclusion is not merely a simplistic one. Certainly, the Supreme Court’s decisions in In re Gault, 387 U.S. 1 (1967), and in In re Winship, 397 U.S. 358 (1970), are clear that for certain constitutional rights the juvenile in each of these cases was a “person” under the Due Process Clause. In addition, because the insanity defense has been recognized as a part of the common law of this Commonwealth and has been deeply engrained in the practice of criminal law here since 1871, we can assume that the General Assembly intended “fair treatment” for both adults and juveniles when it enacted Code § 19.2-168 and, thus, used the term “person” in this statute to accomplish that purpose.
Admittedly, it is mere speculation as to whether Chatman could successfully establish his insanity at the time of the charged offense. Judicial experience reflects that the insanity defense is seldom successfully asserted. However, the majority reasons, in part, that because the pertinent statutory scheme pertaining to the disposition of persons acquitted by reason of insanity conceivably could result in an indeterminate period of commitment, those provisions cannot apply to juveniles because the juvenile courts do not have jurisdiction over the juvenile beyond the juvenile’s 21st birthday. See Code §§ 19.2-182.2 through 19.2-182.6. There is, however, a significant difference between the existence of the right for the juvenile to assert an insanity defense on the one hand, and, on the other, in what manner the juvenile court upon acquitting the juvenile by reason of his or her insanity would apply the statutory provisions for the treatment of a person so acquitted.
The answer to the “conflict” which the majority perceives in this statutory scheme, in my view, is that the acquitted juvenile would remain committed until his or her 21st birthday only if he or she remained mentally ill. Upon reaching his or her 21st birthday the acquitted juvenile would have to be released absent any further action by the Commonwealth. In that regard, nothing would prohibit the Commissioner of Mental Health, Mental Retardation and Substance Abuse Services, into whose custody the juvenile was originally committed, to file a petition in the appropriate court to have the *577 person recommitted under the provisions of Chapters 1 and 2 of Title 37.1-1.
Finally, and more importantly, the holding of the majority has the potential of considerable adverse impact on a juvenile who is subsequently found guilty of other criminal acts after having been adjudicated delinquent at age 13, or younger, for an offense committed while insane. This is so because the adjudication of delinquency for violating a criminal statute could then be used by the Commonwealth to effectively increase the juvenile’s punishment for the subsequent criminal acts. See, e.g., Code § 16.1-278.8 (permitting enhanced punishment were juvenile has been previously adjudicated delinquent); § 16.1-269.1(E) (permitting consideration of prior commitments to juvenile correctional centers in transfer of juvenile to circuit court to stand trial as an adult). In short, while made in a different context, the familiar quote from Kent v. United States, 383 U.S. 541, 556 (1966), seems applicable. There Justice Fortis observed that “[tjhere is evidence . . . that there may be grounds for concern that the child receives the worst of both worlds; that he gets neither the protection accorded to adults nor the solicitous care and regenerative treatment postulated for children.”
If such is the case for a 13-year-old juvenile with regard to the right to assert an insanity defense at the adjudicatory phase of the juvenile proceedings in this Commonwealth, then perhaps the General Assembly, in its wisdom, will determine that such is not “fair treatment” and legislate accordingly. Again, for my part, I am compelled to believe that the common law of this Commonwealth, rather than the Due Process Clause or the various statutes addressed by the majority, already protects such a child by affording the right to assert an insanity defense to any child charged with an offense that would be a crime if committed by an adult.
For these reasons, in my view, the Court of Appeals properly determined that Chatman was entitled to a mental health evaluation in anticipation of asserting an insanity defense. Accordingly, I would affirm the judgment of the Court of Appeals.

 The majority states that “[tjhese are the two sources upon which Chatman relies to assert that he has [the right to assert an insanity defense].” Indeed, as related by the majority, it was the Commonwealth that asserted this limitation in the trial court. Regardless, we may not simply ignore the common law of this Commonwealth as the proper source of Chatman’s right.

 In footnote 7, the majority reasons that Code § 19.2-168 is not applicable in Chatman’s case because “Chatman was not ‘charged with a crime.’ Instead, he was charged with delinquency.” The fine distinction the majority thus attempts to draw between “a crime” and “delinquency” in this case is simply not supported in the pertinent statutes. Code § 16.1-228, in part, states that “ ‘Delinquent act’ means (i) an act designated a crime under the law of this Commonwealth” and a “ ‘Delinquent child’ means a child who has committed a delinquent act.” Chatman was charged with having committed the crime of malicious wounding in violation of Code § 18.2-51. Such a crime is designated a “violent juvenile felony.” See Code §§ 16.1-241(A)(6) and 16.1-269.1(C). See also Code § 16.1-278.8(14)(permitting a juvenile to be committed to the Department of Juvenile Justice if older than ten years of age for “an *576 offense” which would be a felony or a Class 1 misdemeanor if committed by an adult and the juvenile has previously been found to be “delinquent” based on such offenses).