40 S.W.3d 315 (2001)
344 Ark. 385
B.C.,
v.
STATE of Arkansas.
No. 00-01439.
Supreme Court of Arkansas.
April 5, 2001.
*316 William R. Simpson, Jr., Public Defender, by: Stacy D. Fletcher, Deputy Public Defender, for appellant.
Mark Pryor, Att'y Gen., by: Michael C. Angel, Ass't Att'y Gen., for appellee.
ANNABELLE CLINTON IMBER, Justice.
At issue in this case is whether a juvenile defendant has a right to assert the defense of insanity. It is undisputed that on January 5, 2000, the juvenile defendant below and the appellant herein, B.C., became disorderly in class and refused to leave the classroom at his high school when asked to do so by his teacher. The teacher called the school's security personnel for assistance, but they were unable to remove Appellant from the classroom. Ultimately Officer Bruce Kimbrough of the Little Rock Police Department physically removed Appellant from the classroom. Throughout the incident, Appellant stated that he was God or Jehovah; that he was there to save the world; that he could kill Officer Kimbrough and bring him back to life; and that the people trying to remove him from the room were all devils. On the date of the incident, Appellant was fifteen years old. He was subsequently charged with disorderly conduct in the juvenile division of Pulaski County Chancery Court.
At the request of Appellant's court-appointed attorney, the trial court ordered an "Act III" mental evaluation by the Arkansas State Hospital. According to that evaluation, Appellant was competent to stand trial, but he "was not responsible for his actions at the time of the alleged crime due to the influence of his delusional religious beliefs." Other evidence introduced at trial indicated that Appellant suffered from Bipolar Disorder, and recurrent "Major [D]epressive Disorder" with "psychotic features[.]"
*317 Subsequent to his evaluation by the Arkansas State Hospital, Appellant filed notice that he was pleading not guilty by reason of mental disease or defect. On September 6, 2000, the matter came to trial, and Appellant's attorney entered a plea of not guilty by reason of mental disease or defect on behalf of her client. Based upon this court's decision in Golden v. State, 341 Ark. 656, 21 S.W.3d 801 (2000), the trial court refused to accept Appellant's plea and, therefore, entered a plea of not guilty on his behalf. Appellant's attorney then objected to the trial court's ruling by stating:
And, Your Honor, I would ask that my objection be noted for the record by not allowing him to enter an insanity defense. It's a violation of both of his due process rights and his 14th Amendment equal protection rights. He's being subject to just the same criminal code as adults, yet, he's denied the same affirmative defenses as an adult would be.
At the close of the State's case, Appellant's attorney made the following motion for a directed verdict:
Your Honor, I would move for a directed verdict. One of the elements the State has to prove is [B.C.'s] purpose for causing the public inconvenience. I know, of course, always in criminal law, intent is a fundamental element of any statute. I think that the Act III evaluation goes to that intent element. You know, the State Hospital didn't feel like that he was responsible at the time for his actions, and that he was able to conform his actions to right or wrong. And I would just ask the Court to consider, you know, dismissing this case at that timefor that reason.
The trial court denied the motion, whereupon Appellant's attorney stated:
Your Honor, I don't have any testimony at this time. You know, I would just like to ask the record to reflect that I would like to renew my original objection to not being allowed to use the insanity defense at this time. Your Honor, I would move for a directed verdict for more time in the defense of my case. As a separate issue, I'm not trying to argue insanity as far as the motion for directed verdict as I'm trying to argue more of his intent.
The trial court again denied the motion for a directed verdict and overruled the objection to the court's denial of the insanity defense. At the conclusion of the trial, Appellant was adjudicated delinquent on the disorderly conduct charge and placed on indefinite probation.
For his only point on appeal, Appellant argues that the trial court violated his right to equal protection when it refused to allow him to plead not guilty by reason of mental disease or defect.[1] As the trial court noted in making its ruling, this court recently addressed this same issue in Golden v. State, supra, and we held that "neither due process nor equal protection affords a juvenile the right to an insanity defense." 341 Ark. at 657, 21 S.W.3d at 801. We further stated:
Regarding the insanity defense, this court held in the case of K.M. v. State, 335 Ark. 85, 983 S.W.2d 93 (1998), that insanity is not a defense in juvenile proceedings because there is no statutory authority or case law for the defense. *318 In K.M., we relied upon the U.S. Supreme Court holding in Medina v. California, 505 U.S. 437, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992), that there is no constitutional right to an insanity defense; therefore, if one is not provided for by statute, then a defendant may not assert the defense.
Id., 341 Ark. at 660-61, 21 S.W.3d at 803. Because there was no Arkansas statutory provision conferring on juveniles the right to assert an insanity defense at the time of the trial court's hearing in the case of Golden v. State, we affirmed the trial court's finding that the juvenile defendant in that case was not entitled to raise the insanity defense. Id. Similarly, we hold that our decision in Golden v. State is dispositive of the case currently before us.
Appellant contends that Golden v. State is distinguishable for a single reason:
[Appellant's] case is distinguished from Golden v. State, 341 Ark. 656, 21 S.W.3d 801 (2000), in that [Appellant] was actually found to be not responsible for his actions in his Act III evaluation performed by the Arkansas State Hospital. In Golden, supra, an Act III evaluation had not even been performed on that juvenile.
This argument, however, does nothing more than point out a difference with no real distinction. Our holding in Golden v. State did not depend on the fact that an Act III evaluation had not yet been performed on the juvenile defendant. Id.
In this appeal, Appellant takes exception to our reasoning in Golden v. State and asks us to overrule that decision. In Golden v. State, the juvenile defendant argued that the Equal Protection Clauses of the United State and Arkansas Constitutions were violated because there is no rational basis for affording the insanity defense to adult criminal defendants in circuit court pursuant to Ark.Code Ann. § 5-2-312 (Rep.1999), while not providing the same defense to juvenile defendants. We disagreed and held that there was a rational basis for doing so because adult criminal defendants in circuit court face sentences such as death or life-imprisonment; juvenile proceedings are rehabilitative rather than punitive; juveniles are not provided a trial by jury and various other rights afforded adult criminal defendants; and the juvenile code provides for a number of alternatives with regard to disposition, such as treatment, commitment, transfer of legal custody, and placement in community-based programs. Id.
Here, Appellant also argues that it is a violation of equal protection to afford adult criminal defendants an insanity defense without affording the same defense to juveniles, and he contends that our reasoning in Golden v. State was flawed for three reasons. First, he avers that the rehabilitative-punitive distinction is meaningless in practice because, with limited funding in the juvenile system, rehabilitation is not always possible. Next, he argues that a juvenile can potentially receive a longer sentence for some crimes than an adult offender. Last, Appellant asserts that under Ark.Code Ann. § 9-27-309(a)(2), records of juvenile delinquency may be used at sentencing if the juvenile is subsequently tried as an adult.
We have repeatedly stated that this court does not lightly overrule cases and applies a strong presumption in favor of the validity of prior decisions. State v. Singleton, 340 Ark. 710, 13 S.W.3d 584 (2000); McGhee v. State, 334 Ark. 543, 975 S.W.2d 834 (1998). Although we have the power to overrule previous decisions, we will uphold them unless great injury or injustice would result. Bharodia v. Pledger, 340 Ark. 547, 11 S.W.3d 540 (2000). The party asking us to overrule a prior decision has the burden of showing that *319 our refusal to overrule the prior decision would result in injustice or great injury. McGhee v. State, supra. Appellant has made no such showing here. Accordingly, we decline to overrule Golden v. State.
Finally, our decisions in Golden v. State and K.M. v. State made it clear that the General Assembly may statutorily provide an insanity defense for juveniles. At the time of those decisions, the applicable juvenile code did not provide for such a defense. However, as Appellant points out on appeal, by Act 1192 of 1999, the General Assembly has provided some, but not all, juveniles with an insanity defense.[2] Appellant argues that this Act violates equal protection by drawing a distinction between different classes of juveniles. Appellant failed to make this argument below. Thus, we are precluded from addressing it on appeal. More particularly, in his argument to the trial court, Appellant did not raise the provisions of Act 1192, and his only equal-protection argument was limited to the assertion that "he's denied the same affirmative defenses as an adult...." Thus, Appellant's equalprotection argument on appeal is materially different from the one he made below. In such a case, we will not consider an argument raised for the first time on appeal. K.M. v. State, supra. Even constitutional arguments are waived when they are not argued below. Jordan v. State, 327 Ark. 117, 939 S.W.2d 255 (1997).
Affirmed.
NOTES
[1] In his point on appeal, Appellant also asserts that the trial court violated his due process rights. However, he fails to develop that argument and cites no authority to support it. When a party cites no authority or convincing argument on an issue, and the result is not apparent without further research, the appellate court will not address the issue. Jones v. Abraham, 341 Ark. 66, 15 S.W.3d 310 (2000).
[2] We noted in Golden v. State that while the juvenile code applicable in that case contained no insanity defense, "the 1999 amendment had included an evaluation of the juvenile's mental state and capacity with regard to mental disease or defect as part of the process of evaluating a juvenile under the age of thirteen who is charged with capital murder or murder in the first degree." Golden v. State, 341 Ark. at 660, 21 S.W.3d at 803.