Mr. Kurt Knickrehm, Director Arkansas Department of Human Services 329 Donaghey Plaza South Post Office Box 1437 Little Rock, AR 72203-1437
Dear Mr. Knickrehm:
I am writing in response to your request for my opinion on the following question:
Can a juvenile defendant raise the insanity defense?
RESPONSE
In my opinion, the answer to this question is "no," although the state must overcome a presumption that a juvenile under thirteen charged with capital murder or murder in the first degree is both unfit to proceed and "lacked the capacity" to "[p]ossess the mental capacity required for the offense charged." A.C.A. § 9-27-502(b)(1)(A). Also, if a juvenile is tried as an adult, he or she would be able to raise the insanity defense pursuant to A.C.A. § 5-2-312 — a provision of the criminal code that, unlike any provision of the juvenile code, allows any defendant to plead insanity.
In K.M. v. State, 335 Ark. 85, 91, 983 S.W.2d 93 (1998), the Arkansas Supreme Court declared:
 The United States Supreme Court has recognized that an accused has a constitutional right not to stand trial if he or she is mentally incompetent at the time of trial. See Drope v. Missouri, 420 U.S. 162
(1975); Pate v. Robinson, 383 U.S. 375 (1966). In contrast, there does not appear to be a constitutional right to assert that one was insane at the time of the crime. See Medina v. California, 505 U.S. 437
(1992); Powell v. Texas, 392 U.S. 514 (1968). Thus, a defendant may assert the insanity defense only if the State has conferred that right by statute.
In B.C. v. State, 344 Ark. 385, 388, 40 S.W.3d 315 (2001), the court offered the following in response to a claim that a juvenile should have been allowed to raise an insanity defense:
 As the trial court noted in making its ruling, this court recently addressed this same issue in Golden v. State, [341 Ark. 656, 20 S.W.3d 801 (2000)], supra, and we held that "neither due process nor equal protection affords a juvenile the right to an insanity defense." 341 Ark. at 657, 20 S.W.3d at 801. We further stated:
 Regarding the insanity defense, this court held in the case of K.M. v. State, 335 Ark. 85, 983 S.W.2d 93 (1998), that insanity is not a defense in juvenile proceedings because there is no statutory authority or case law for the defense. In K.M., we relied upon the U.S. Supreme Court holding in Medina v. California, 505 U.S. 437 (1992), that there is no constitutional right to an insanity defense; therefore, if one is not provided for by statute, then a defendant may not assert the defense.
 Id., 341 Ark. at 660-61, 20 S.W.3d at 803. Because there was no Arkansas statutory provision conferring on juveniles the right to assert an insanity defense at the time of the trial court's hearing in the case of Golden v. State, we affirmed the trial court's finding that the juvenile defendant in that case was not entitled to raise the insanity defense. Id.
The court in B.C. offered the following constitutional analysis:
 In Golden v. State, the juvenile defendant argued that the equal protection clauses of the United States and Arkansas Constitutions were violated because there is no rational basis for affording the insanity defense to adult criminal defendants in circuit court pursuant to Ark. Code Ann. § 5-2-312 (Rep. 1999), while not providing the same defense to juvenile defendants. We disagreed and held that there was a rational basis for doing so because adult criminal defendants in circuit court face sentences such as death or life-imprisonment; juvenile proceedings are rehabilitative rather than punitive; juveniles are not provided a trial by jury and various other rights afforded adult criminal defendants; and the juvenile code provides for a number of alternatives with regard to disposition, such as treatment, commitment, transfer of legal custody, and placement in community based programs. Id.
344 Ark. at 389.
As recently as its ruling in Stivers v. State, 2003 WL 22208751 (Ark. Sep 25, 2003) (No. CR 02-1140), the court has acknowledged that the defense of insanity available under the criminal code is generally unavailable under the juvenile code. However, the insanity defense will be available to a juvenile tried as an adult under the criminal code, which, unlike the juvenile code, makes the defense available pursuant to Ark. Code Ann. § 5-2-312. See K.M. v. State, supra (generally discussing the distinctions between the criminal code and the juvenile code with respect to claims of insanity). Moreover, A.C.A. § 9-27-502 (Repl. 2002), enacted as Act 1192 of 1999, creates a rebuttable presumption that any juvenile under the age of thirteen who is accused of capital murder or murder in the first degree is incompetent to stand trial. The statute provides for the appointment of a professional examiner to assess the juvenile's competency. A.C.A. § 9-27-502(b)(2)(A). Among the factors to be considered in assessing competency is the juvenile's mental condition at the time he or she allegedly committed the crime. A.C.A. §9-27-502(b)(7)(C)(x)(a). Finally, A.C.A. § 9-27-502(b)(10) provides that even if a juvenile under the age of thirteen at the time of the alleged offense is found competent to stand trial, the state bears the burden of establishing that he had the capacity to:
 (i) Possess the necessary mental state required for the offense charged;
(ii) Conform his conduct to the requirements of the law; and
(iii) Appreciate the criminality of his conduct.
If the state fails to meet this burden, the court "shall convert the delinquency petition into a family in need of services petition." A.C.A. § 9-27-502(b)(10)(B)(iii).
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh