Mr. Kurt Knickrehm, Director Department of Human Services 329 Donaghey Plaza South Post Office Box 1437 Little Rock, AR 72203-1437
Dear Mr. Knickrehm:
You have presented the following questions for my opinion:
 (1) Does a State District Court Judge have the authority to acquit a criminal defendant on the grounds of mental disease or defect?
 (2) Does a State District Court Judge have the authority to suspend a criminal proceeding because such court determines the defendant lacks fitness to proceed and that the proceeding should be suspended?
 (3) Does a State District Court Judge have the authority to order a defendant into the custody of the Department of Human Services pursuant to A.C.A. § 5-2-310?
RESPONSE
Question 1 — Does a State District Court Judge have the authority toacquit a criminal defendant on the grounds of mental disease or defect?
It is my opinion that a state district court judge does have the authority to acquit a criminal defendant on the grounds of mental disease or defect.
Although defendants have a constitutional right not to stand trial if they are mentally incompetent at the time of trial, they do not have a corresponding constitutional right to assert that they were insane at the time of the crime. Accordingly, a defendant may assert the insanity defense only if the State has conferred that right by statute. K.M. v.State, 335 Ark. 85, 91, 983 S.W.2d 93, 96 (1998).
Arkansas law expressly confers upon criminal defendants the right to assert mental disease or defect as an affirmative defense to a criminal charge. This right is set forth in A.C.A. § 5-2-312, which states:
 (a)(1) It is an affirmative defense to a prosecution that at the time the defendant engaged in the conduct charged, he or she lacked capacity, as a result of mental disease or defect, to conform his or her conduct to the requirements of law or to appreciate the criminality of his or her conduct.
 (2) When the affirmative defense of mental disease or defect is presented to a jury, the jury, prior to deliberations, shall be instructed regarding the disposition, pursuant to § 5-2-314, of a defendant acquitted on the grounds of mental disease or defect.
 (b) As used in this code, the terms "mental disease or defect" do not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct.
 (c) When a defendant is acquitted on grounds of mental disease or defect, the verdict and judgment shall so state.
A.C.A. § 5-2-312.
Before explaining why I have concluded that the above quoted "insanity defense" statute applies to criminal defendants who are tried in district court as well as to those who are tried in circuit court, I must discuss certain statements made by the Arkansas Supreme Court in K.M. v. State,supra. The defendant in that case was tried in juvenile court and was adjudicated delinquent for committing battery against his teacher. During the proceeding, the juvenile court refused to admit and consider evidence of the defendant's mental state to determine whether he was able to conform his conduct to the requirements of the law at the time of the incident, as provided under A.C.A. § 5-2-312, quoted above. The defendant argued on appeal that the juvenile court had erred in refusing to consider such evidence. The Arkansas Supreme Court was therefore faced with the question of whether the "insanity defense" created by A.C.A. §5-2-312 is available to juvenile defendants who are adjudicated in juvenile court. The court held that this defense is not available to juvenile defendants in juvenile court. In the course of addressing this question, the court expressly distinguished the juvenile courts from the circuit courts. The court stated:
 Arkansas has two distinct systems that are governed by two separate acts: (1) the Arkansas Criminal Code, Ark. Code Ann. §§ 5-1-101 to 5-77-301 (Repl. 1997), which governs proceedings in the circuit court, and (2) the Arkansas Juvenile Code, Ark. Code Ann. §§ 9-27-101 to 9-33-206 (Repl. 1998), which governs proceedings in the juvenile court.
K.M. v. State, 335 Ark. 85, 92, 983 S.W.2d 93, 96 (1998).
The court noted that the insanity defense statute (A.C.A. § 5-2-312) is contained in the Criminal Code and that the Juvenile Code contains no similar provision. The court further noted that the language of A.C.A. §5-2-312 does not indicate the courts in which it was intended to apply. Accordingly, the court examined two related statutes, A.C.A. § 5-2-305
(dealing with psychological evaluations of defendants asserting the insanity defense) and A.C.A. § 5-2-314 (dealing with the disposition of defendants who have been acquitted on the grounds of insanity), in an attempt to discover clues as to whether A.C.A. § 5-2-312 should apply in juvenile court. Because both of the other two statutes made specific reference to "circuit court," the court concluded: "When read in conjunction with these two statutes, it appears that the General Assembly intended for section 5-2-312 to apply only to proceedings in the circuit court." K.M. v. State, 335 Ark. 85, 93, 983 S.W.2d 93, 97 (1998).
Although the court's language could be construed to support the conclusion that the insanity defense is available only in circuit court, and not in district court, I believe that such an interpretation is incorrect. The context in which the court made its statements supports a different interpretation. In K.M., the court was not addressing the question of whether the insanity defense is available in district court. Rather, it was addressing the question of whether the insanity defense is available in juvenile court. Thus, in stating that the defense is available only in circuit court, the court appeared simply to be drawing a distinction between circuit court and juvenile court, rather than between circuit court and district court. This conclusion is bolstered by the fact that the court was focused on the distinction between situations in which a juvenile is adjudicated as a juvenile, and those in which a juvenile is tried as an adult. If a juvenile is tried as an adult, he is tried in circuit court. See A.C.A. § 9-27-318. This factor indicates that the court's statements were context-specific. That is, the K.M. court appears, in essence, to have been saying that the insanity defense is available to juveniles only in circuit court, when the juvenile is being tried as an adult, pursuant to A.C.A. § 9-27-318. The question of whether adult defendants can assert the insanity defense in district court was not before the court in K.M.
My conclusion that the insanity defense is available in district court is supported by the policy differences, noted by the Arkansas Supreme Court, between criminal prosecutions of adults under the Criminal Code on one hand, and proceedings under the Juvenile Code on the other. Adult criminal defendants face potentially serious punishment, and thus the availability of the insanity defense is particularly important. Juvenile proceedings under the Juvenile Code, on the other hand, are rehabilitative and not punitive in nature. B.C. v. State, 344 Ark. 385, 389,40 S.W.3d 315, 318 (2001). The court's analysis with respect to the punitive nature of adult criminal prosecutions would apply equally to proceedings in district court as well as circuit court.
My conclusion is also supported by certain well-established principles of statutory interpretation. The first such principle is the "cardinal rule" of statutory construction: to give effect to the intent of the legislature. Arkansas Gas Consumers v. Ark. Pub. Ser. Comm.,354 Ark. 37, 49, 118 S.W.3d 109, 116 (2003). Another is that the plain language of statutes should take precedence in interpretation. See, e.g.,Jones v. Double "D" Properties, Inc., 352 Ark. 39, 46,98 S.W.3d 405 (2003). A third is that statutes should not be interpreted in a way that would bring about an absurd or unworkable result. See, e.g., Citizens to Establish a Reform Party v. Priest,325 Ark. 257, 264-65,926 S.W.2d 432, 436 (1996). When I apply these principles in interpreting the insanity defense statute, I conclude that the statute should be interpreted to permit the applicability of the insanity defense in district court as well as in circuit court, as explained more fully below.
Before discussing the applicability of these principles, however, I must note that although you have framed your first question as whether a district judge has "authority to acquit a criminal defendant on the grounds of mental disease or defect," the real issue is whether a defendant is permitted to raise and prove that defense in district court, rather than whether a district court can acquit a defendant on the grounds of mental disease or defect. If a defendant asserts and successfully proves an affirmative defense, such as the insanity defense, by a preponderance of the evidence, in accordance with A.C.A. §5-1-111(d), an acquittal is required. See, e.g., Catlett v. State,321 Ark. 1, 4, 900 S.W.2d 523, 524-25 (1995) ("An affirmative defense is a general defense which bars conviction even if all the elements of the offense are proven beyond a reasonable doubt."). See also A.C.A. §5-1-111(c). Because acquittal is the required result if the insanity defense can be raised and proved, the determinative issue is whether defendants can assert the insanity defense in district court. In my opinion, they can do so.
By its terms, the insanity defense statute appears to confer the right to assert the defense upon all criminal defendants; the statute does not state that the right is limited to criminal defendants who are being prosecuted in circuit court. In this regard, I note that the insanity defense statute was originally enacted as a part of Act 280 of 1975, which, by its own language, governs "the prosecution of any offense." Acts 1975, No. 280, § 102 (A.C.A. § 5-1-103) (emphasis added). The language of that Act did not limit the applicability of the Act to prosecutions of offenses in circuit court. This conclusion is bolstered by the fact that municipal courts, the predecessors of district courts, were clearly in existence at the time, and the Act did not exclude them from its provisions. The language of A.C.A. § 5-2-312 states (as did the original Act) that the right applies generally to "a prosecution." Because "prosecutions" occur in district court as well as in circuit court, I interpret the plain language of the statute to indicate that the right applies to all prosecutions, including those that occur in district court.
Moreover, to interpret the insanity defense statute as applying only in circuit court would bring about the counterintuitive result that a defendant could not assert the defense in district court, but could assert it when the matter is tried de novo in circuit court pursuant to Amendment 80, § 7(A) and A.C.A. § 16-13-201(b). That reading could also result in an unnecessary increase in the case burden for circuit courts, because defendants who lost in district court, where the defense was not available, would undoubtedly appeal their cases to circuit court, where the defense is available. Such cases could have been disposed of at the district court level, and appeals to circuit court would have been unnecessary.
I acknowledge (as did the K.M. court) that some of the statutes that are related to the insanity defense statute do make reference to the circuit court. As explained by the following, however, it is my opinion that these statutes do not reflect an intent to make the insanity defense inapplicable in district court. The particular statutes in question are A.C.A. § 5-2-305 and A.C.A. § 5-2-314.
A.C.A. § 5-2-305 states in pertinent part:
 (a)(1) The court, subject to the provisions of §§ 5-2-304 and 5-2-311, shall immediately suspend all further proceedings in the prosecution whenever:
 (A) A defendant charged in circuit court files notice that he or she intends to rely upon the defense of mental disease or defect;
 (B) There is reason to believe that the mental disease or defect of the defendant will or has become an issue in the cause;
 (C) A defendant charged in circuit court files notice that he or she will put in issue his or her fitness to proceed; or
(D) There is reason to doubt the defendant's fitness to proceed.
The statute then goes on to authorize the court to order a mental health examination for the defendant and gives detailed requirements concerning that examination.
A.C.A. § 5-2-314 states in pertinent part:
 (a) When a defendant is acquitted on the ground of mental disease or defect, a circuit court shall be required to determine and to include the determination in the order of acquittal one (1) of the following: [the statute goes on to list various determinations the circuit court must make].
The above statutes must be read together with the insanity defense statute (A.C.A. § 5-2-312), and with other relevant statutes, and harmonized, if possible. It is my opinion that the two statutes quoted above do not, by virtue of their reference to "circuit court," indicate an intent that the insanity defense not be available in district court.
The statute that is now A.C.A. § 5-2-305 was originally enacted as a part of Act 280 of 1975 (the same Act that included the original form of the insanity defense statute). In its original version, the statute that is now A.C.A. § 5-2-305 made no reference to the circuit court. Act 280 was also the original enactment of what is now A.C.A. § 5-2-304, which states:
 (a) Whenever a defendant intends to raise mental disease or defect as a defense in a prosecution or put in issue his fitness to proceed, he must notify the prosecutor and the court at the earliest practicable time.
 (b) Failure to notify the prosecutor within a reasonable time before the trial date shall entitle the prosecutor to a continuance which, for limitation purposes, shall be deemed an excluded period granted on application of the defendant. Alternatively, in lieu of suspending all further proceedings under § 5-2-305, the court may order the immediate examination of the defendant at a designated receiving facility or program by a qualified psychiatrist or a qualified psychologist.
A.C.A. § 5-2-304.
It will be noted that A.C.A. § 5-2-304 makes no reference to circuit court, nor does it give any indication that its notice requirement applies only in circuit court. It did not make any such reference or give any such indication in its original form either. The reference in A.C.A. § 5-2-305 to circuit court was added in 1977, by Act 360. A particularly telling feature of Act 360 of 1977 is that, although it added the reference to the circuit court in A.C.A. § 5-2-305, it also amended A.C.A. § 5-2-304, but did not add a reference to circuit court. Moreover, Section -304 was amended again in 1995, by Act 767, but no reference to the circuit court was added. These historical facts about Sections -304 and -305 indicate that the General Assembly did not intend, by its addition of the reference to the circuit court in A.C.A. § 5-2-305, to limit the applicability of the insanity defense to defendants being tried in circuit court.
The predecessor statute to the provision that is now A.C.A. § 5-2-314, quoted above, was also originally enacted as a part of Act 280 of 1975. It, too, in its original form, contained no reference to the circuit court. The statute was re-written in 1989, by identical Acts 645 and 911. The new version included the reference to the circuit court.
In sum, then, the General Assembly has amended both Section — 305 (concerning suspension of proceedings in which mental disease or defect is an issue) and Section -314 (concerning disposition after acquittal on the grounds of mental disease or defect) to add a reference to the circuit court. However, the General Assembly has not amended Section -304 (requiring notice of intent to rely on the insanity defense) or Section -312 (the insanity defense statute itself) to add such a reference. Indeed, the insanity defense statute was most recently amended in 2001, and no such reference was added.
I must acknowledge at this point that a question may arise as to whether the procedures set forth in A.C.A. § 5-2-305 and -314 will apply in district court. As discussed below in response to Question 2, it is my opinion that, for constitutional reasons, suspension must occur if the district judge has reason to believe that the defendant lacks fitness to proceed. The question of whether the district court should follow theparticular procedures of A.C.A. § 5-2-305 is not clear. Also unclear is whether the district court should follow the disposition procedures of A.C.A. § 5-2-314. It is frankly a mystery as to why the General Assembly might have chosen to impose these requirements only in circuit court. One might speculate that the General Assembly chose to do so simply because the district court hears only misdemeanor cases in which these procedures may not be as crucial as in felony cases, which are heard only in circuit court. See A.C.A. § 16-88-101 (Supp. 2003). This explanation is merely speculation, however; the statutes themselves do not provide any indication of why the General Assembly might have limited the applicability of Sections -305 and -314 in this manner.
What is clear, in any event, is that despite the General Assembly's amendment of Sections -305 and -314 to add references to the circuit court, it has declined similarly to amend either Section — 304, requiring notice of the intent to rely on the insanity defense, or Section -312, the insanity defense statute itself. Even though the General Assembly has subsequently amended these sections for other purposes, it has consistently refrained from amending them to add a limitation of their applicability to circuit court, and has instead, consistently retained their general references to "the court" and "a prosecution" and "the defendant" — of which can readily apply to district court as well as circuit court. The fact that the General Assembly has so consistently declined to amend the language of these sections to refer to the circuit court, even while it was amending other sections to do so, undermines the view that the General Assembly intended to limit the applicability of the insanity defense statute to prosecutions in circuit court. Indeed, the General Assembly's action supports the opposite view: that it did not intend to limit the applicability of the insanity defense statute in this manner. If the General Assembly had intended to limit the applicability of the defense, it could easily have done so by amending the insanity defense statute itself — and such a course of action would have made infinitely more sense than an approach of cryptically amending some of the related statutes.
For these reasons, I conclude that criminal defendants who are tried in district court can assert the insanity defense, and if they successfully establish it, the district court must acquit them. I emphasize, however, that these statutes are unclear and would benefit from legislative clarification.
Question 2 — Does a State District Court Judge have the authority tosuspend a criminal proceeding because such court determines the defendantlacks fitness to proceed and that the proceeding should be suspended?
It is my opinion that if a judge has reason to believe, whether on the grounds of the defendant's assertion, or for other reasons, that the defendant lacks fitness to proceed with a criminal proceeding, he or she not only has the authority to suspend the proceeding, but is required to do so. Because this conclusion is based on a constitutional requirement, it is, of course, applicable to district court judges as well as circuit court judges.
It is well-established that an accused has a constitutional right not to stand trial if he or she is mentally incompetent at the time of trial.See Cooper v. Oklahoma, 517 U.S. 348 (1996); Medina v. California,505 U.S. 437 (1992); Drope v. Missouri, 420 U.S. 162 (1975); Pate v.Robinson, 383 U.S. 375 (1966); K.M. v. State, 335 Ark. 85, 91,983 S.W.2d 93, 96 (1998). Thus, due process requires that a judge suspend a criminal proceeding if there is reason to believe that the defendant is mentally incompetent.
In addition, Arkansas law has incorporated this principle into its statutes. The pertinent provision states:
 (a) No person who, as a result of mental disease or defect, lacks capacity to understand the proceedings against him or her or to assist effectively in his or her own defense shall be tried, convicted, or sentenced for the commission of an offense so long as such incapacity endures.
 (b) A court shall not enter a judgment of acquittal on the ground of mental disease or defect against a defendant who, as a result of mental disease or defect, lacks the capacity to understand the proceedings against him or her or to assist effectively in his or her own defense.
A.C.A. § 5-2-302.
It will be noted that this statutory codification of the constitutional requirement does not attempt to limit its application to circuit court.
The court's responsibility to suspend criminal proceedings is also set forth in A.C.A. § 5-2-310, which states in pertinent part:
 (a) If the court determines that the defendant lacks fitness to proceed, the proceeding against him shall be suspended[.]
A.C.A. § 5-2-310(a). This provision also makes no reference to circuit court.
I am aware that the other suspension statute, A.C.A. § 5-2-305, does refer to circuit court, as discussed in response to Question 1. I reiterate, however, that the suspension of criminal proceedings against a defendant whom the judge believes to be mentally incompetent to stand trial is constitutionally required, regardless of the language of the Arkansas statutes.
Question 3 — Does a State District Court Judge have the authority toorder a defendant into the custody of the Department of Human Servicespursuant to A.C.A. § 5-2-310?
Yes. The language of Section -310(a) explicitly addresses this question, stating:
 (a) If the court determines that the defendant lacks fitness to proceed, the proceeding against him shall be suspended, and the court may commit him to the custody of the Director of the Department of Human Services for detention, care, and treatment until restoration of fitness to proceed.
A.C.A. § 5-2-310(a).
This statutory language authorizing the court to commit mentally incompetent defendants into the custody of the Department of Human Services is plain and unambiguous. I must therefore interpret it just as it reads. See, e.g., Death Perm. Dis. Trust v. Anderson, 83 Ark. 230, ___, 125 S.W.3d 819, 822 (2003). It does not limit its application to circuit court.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General