SLIP OPINION



Cite as 2015 Ark. 42

# SUPREME COURT OF ARKANSAS

No. CV–14–768

| | |
|---|---|
| TERRANCE PROCTOR<br>APPELLANT | **Opinion Delivered** February 12, 2015 |
| V. | APPEAL FROM THE LINCOLN<br>COUNTY CIRCUIT COURT<br>[NO. LCV 2013-56-5] |
| RAY HOBBS, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br>APPELLEE | HONORABLE JODI RAINES<br>DENNIS, JUDGE<br><br>AFFIRMED. |

**JIM HANNAH, Chief Justice**

In this appeal from the resentencing that was required pursuant to the United States Supreme Court's decision in *Graham v. Florida*, 560 U.S. 48 (2010), appellant, Terrance Proctor, challenges his new sentence, a term of forty years, imposed for a nonhomicide offense he committed when he was seventeen years old. The sole issue on appeal is whether we should overrule or modify our decision in *Hobbs v. Turner*, 2014 Ark. 19, 431 S.W.3d 283, in which we concluded that the proper State habeas remedy for a sentence rendered illegal by *Graham* is to reduce that sentence from life to the maximum term-of-years sentence allowed by law. We decline the invitation to overrule or modify *Turner* and affirm the sentence imposed by the circuit court.

Proctor committed a string of aggravated robberies in 1982 when he was seventeen years old. On January 13, 1983, he pled guilty in the Pulaski County Circuit Court to ten counts of aggravated robbery and one count of robbery. For one of the aggravated-robbery convictions, Proctor was sentenced to a term of life imprisonment. For the remaining offenses,

he was sentenced to a total of two hundred years' imprisonment, to be served consecutively to his life sentence.

In 2010, the Supreme Court of the United States held that the Eighth Amendment "forbids a State from imposing a life without parole sentence on a juvenile nonhomicide offender." *Graham*, 560 U.S. at 75. Thereafter, Proctor filed a petition for writ of habeas corpus in the Lincoln County Circuit Court and alleged that, pursuant to the Court's decision in *Graham*, his sentence of life imprisonment for the nonhomicide offense of aggravated robbery was illegal. He requested that the circuit court vacate his sentence and contended that, if the State sought to resentence him, he was entitled to a resentencing proceeding in the circuit court in which he had been convicted. After a hearing on the petition, the circuit court entered an order granting writ of habeas corpus and reducing sentence. In the order, the circuit court found that Proctor's life sentence is unconstitutional under *Graham*; that pursuant to this court's decision in *Turner*, the remedy for a *Graham* violation is to reduce the petitioner's life sentence to the maximum term-of-years sentence available for the crime at the time it was committed; and that Proctor is not entitled to a resentencing proceeding in the circuit court in which he was convicted. Accordingly, the circuit court reduced Proctor's life sentence to a sentence of forty years.[1]

Proctor acknowledges that, in *Turner*, this court rejected the argument that he makes on appeal—that a person resentenced under *Graham* is entitled to a plenary resentencing

---

[1]When Proctor committed the crime, aggravated robbery, a Class Y felony, was punishable by a sentence of not less than ten years and not more than forty years, or life. Ark. Stat. Ann. §§ 41-901(a), 41-2102(2) (Supp. 1981).

hearing. He asks that we overrule or modify our decision in *Turner*, but he gives us no compelling reason to do so.

As the State points out, although Proctor complains about the application of *Turner* to the facts of his case, his grievance does not appear to be with the *Graham-Turner* sentence itself, but with his ten other convictions, for which he is serving a cumulative sentence of 200 years in prison. As to the forty-year *Graham-Turner* sentence at issue in this case, Proctor is eligible for parole after serving one-half of that sentence. *See* Ark. Code Ann. § 16-93-604(b)(3) (Repl. 2006) (addressing parole eligibility for a person who pleads guilty to a Class Y felony committed between April 1, 1977, and April 1, 1983). Thus, Proctor would now be parole eligible but for the fact that he is serving numerous other sentences.[2]

Given that the application of our holding in *Turner* to this case reduced Proctor's life sentence to a term of forty years with parole eligibility after serving one-half of that time, Proctor has failed to demonstrate that great injury or injustice will result from our refusal to overrule or modify *Turner. See, e.g., B.C. v. State*, 344 Ark. 385, 390, 40 S.W.3d 315, 318–19 (2001) (stating that the party asking us to overrule a prior decision has the burden of showing that great injury or injustice will result from our refusal to overrule the prior decision). We affirm the sentence imposed by the circuit court.

Affirmed.
*Jeff Rosenzweig*, for appellant.
*Dustin McDaniel*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.

---

[2]In seeking habeas relief, Proctor alleged only that his life sentence for aggravated robbery was illegal under *Graham*. He did not allege that his cumulative sentence was illegal under *Graham*.